# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT FOSSUM,<br><br>    Petitioner,<br><br>v.<br><br>F. GUZMAN,<br><br>    Respondent. | Case No. 1:24-cv-00903-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 10) |

Petitioner Timothy Scott Fossum is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus.

## I.

## BACKGROUND

On August 12, 2019, Petitioner pleaded guilty in the Inyo County Superior Court to robbery, burglary, battery with serious bodily injury, felon in possession of a firearm, and assault with a deadly weapon. He was sentenced to an imprisonment term of ten years. (LD[1] 1.) Petitioner did not appeal the sentence. (ECF No. 1 at 1.[2]) Thereafter, Petitioner filed fifteen applications for state post-conviction or other collateral review, which were all denied. (LDs 2–

---

[1] "LD" refers to the documents lodged by Respondent on October 3, 2024. (ECF No. 11.)
[2] Page numbers refer to the ECF pagination stamped at the top of the page.

1

1  30.)

2  On July 24, 2024,³ Petitioner constructively filed the instant federal petition for writ of

3  habeas corpus. (ECF No. 1). On October 3, 2024, Respondent filed a motion to dismiss, arguing

4  that the petition was filed outside the one-year limitation period. (ECF No. 10.) On October 21,

5  2024, Petitioner filed an opposition to the motion to dismiss. (ECF No. 12.)

## II.

## DISCUSSION

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

³ Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 10 at 2 n.1.)

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner was sentenced on August 12, 2019, and did not appeal. Therefore, the judgment became final when Petitioner's time for seeking review expired on October 11, 2019, sixty days after Petitioner was sentenced. See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, October 12, 2019, and absent tolling, was set to expire on October 13, 2020.[4] See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). An application for state post-conviction or other collateral review that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis,

---

[4] The last day of the one-year period was October 11, 2020, which fell on a Sunday. October 12, 2020 was Columbus Day. Accordingly, the time for seeking review was extended to Tuesday, October 13, 2020. See Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

3

546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). The California Supreme Court established the following "three-level analysis for assessing whether claims in a petition for writ of habeas have been timely filed":

> First, a claim must be presented without *substantial delay*. Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate *good cause* for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of *four narrow exceptions*[.]

Robinson v. Lewis, 9 Cal. 5th 883, 898 (2020) (emphasis in original) (footnote and internal quotation marks omitted) (quoting In re Reno, 55 Cal. 4th 428, 460 (2012)). The following three exceptions are relevant to noncapital cases:

> (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute.

Robinson, 9 Cal. 5th at 898 (internal quotation marks and citations omitted). "The petitioner bears the burden to plead and then prove all of the relevant allegations." Id. (quoting Reno, 55 Cal. 4th at 460). "A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Robinson, 9 Cal. 5th at 900.

1. First State Petition

On May 17, 2020, Petitioner constructively filed a state petition for writ of habeas corpus in the Inyo County Superior Court, which denied the petition on July 27, 2020. (LDs 2, 3.) There is nothing in the record that suggests this petition was not properly filed, and Respondent makes no such argument. (ECF No. 10 at 3.) Thus, Petitioner is entitled to statutory tolling for the period his first state habeas petition was pending in the Inyo County Superior Court.

2. Second and Third State Petitions

On May 20, 2020, Petitioner constructively filed a state habeas petition in the Inyo County Superior Court, which denied the petition on July 27, 2020. (LDs 4, 5.) On June 6, 2020, Petitioner constructively filed another state habeas petition in the Inyo County Superior Court,

which denied the petition on July 27, 2020. (LDs 6, 7.) Given that the first state petition subsumes the pendency of the second and third petitions, there is no additional tolling for the second and third petitions.

### 3. Fourth State Petition

On October 1, 2020, Petitioner constructively filed a motion for modification of sentence in the Inyo County Superior Court, which summarily denied the motion on November 30, 2020 because Petitioner was not authorized by statute to bring a motion for modification of his own sentence and the motion was untimely. (LDs 8, 9.) Respondent argues that this petition was not "properly filed," and thus, does not provide statutory tolling. (ECF No. 10 at 5.) "When a California state court determines that a state prisoner's state habeas petition is untimely under state law, there is no properly filed state petition, and the state prisoner is not entitled to statutory tolling under AEDPA." Robinson, 795 F.3d at 929 (quotation marks, brackets, and citation omitted). Thus, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel, 830 F.3d at 868.

### 4. Fifth State Petition

On March 29, 2021, Petitioner filed a state petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which summarily denied the petition on May 13, 2021. (LDs 10, 11.) Petitioner filed this fifth state petition more than 120 days after the lower court's denial.[5] Petitioner has provided no explanation or reasoning for the delay. See Robinson, 9 Cal. 5th at 898 ("The petitioner bears the burden to plead and then prove all of the relevant allegations."). Accordingly, the Court finds that Petitioner's fifth state petition was untimely, not properly filed, and thus, does not toll the limitations period.

### 5. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. Two hundred eighteen days elapsed between the date Petitioner's state conviction became final (October 11, 2019) and the date Petitioner filed his

---

[5] This is true whether the Court considers the Inyo County Superior Court's July 27, 2020 denial of the state habeas petitions or the November 30, 2020 denial of the motion for modification of sentence.

first state habeas petition in the Inyo County Superior Court (May 17, 2020). AEDPA's one-year clock stopped while Petitioner's first, second, and third state habeas petitions in the Inyo County Superior Court were pending (May 17, 2020– July 27, 2020). As discussed above, Petitioner's untimely motion for modification of sentence filed in the Inyo County Superior Court was not "properly filed," and thus, the 126-day period before and during the court's consideration of said petition (July 28, 2020– November 30, 2020) is not tolled. Additionally, Petitioner's untimely fifth state petition filed in the California Court of Appeal was not "properly filed," and thus, the 163-day period before and during the court's consideration of said petition (July 28, 2020– November 30, 2020) is not tolled. This adds up to 507 days, which is more than the one-year limitations period. Petitioner subsequently filed more state habeas petitions. (LDs 12, 14–16, 18, 20, 22, 24, 26, 28, 29.) However, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. In fact, his opposition to the motion to dismiss does not address timeliness at all. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 25, 2024**              /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE